UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>SERGIO RAMIREZ,<br><br>        Defendant. | No. 2:05-cr-00456-DJC-1<br><br><br><br>ORDER |

Presently before the Court is Defendant Sergio Ramirez's Motion for a twelve-month reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons below, the Court hereby DENIES Defendant's motion.

I.   **Background**

In February 2007, Defendant Sergio Ramirez pled guilty to seven counts of bank robbery under 18 U.S.C. § 2113(a) and two counts of using a firearm in violation of 18 U.S.C. § 924(c). (Mot. to Reduce Sent. (ECF No. 162) at 2.) Defendant entered into a Rule 11(c)(1)(C) plea agreement in which the parties stipulated to an overall sentence of 288 months. (Opp'n (ECF No. 166) at 2.) The court ordered a 288-month sentence, imposing a 120-month sentence for counts one, three, five, seven, eleven, thirteen and fifteen (the robbery counts), and 168 months for counts two and fourteen (the firearm counts). (*Id.* at 3.)

1

Defendant brings the present motion requesting a reduction in sentence based on Amendment 821 to the federal sentencing guidelines which eliminates status points for those with six or fewer criminal history points. (Mot. at 1.) He is requesting a twelve-month reduction in sentence of the robbery counts pursuant to the low end of the amended guideline range to reflect the court's original sentence below the guideline range on those counts. The Government has opposed this request (Opp'n(ECF No. 166)), and Defendant has filed a Reply, (Reply (ECF No. 167)). The Court takes this matter under submission without a hearing.

## II.    Legal Standard

Ordinarily, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, where the sentence was based on the guideline range, and the sentencing commission has subsequently lowered the guideline range, the court may reduce the term of imprisonment. 18 U.S.C. § 3582(c)(2). The court must first "determin[e] the amended guideline range that would have been applicable to the defendant" if the amendment had been in effect at the time of the original sentencing, and whether a sentence reduction is consistent with the policy for applying retroactive sentence reduction. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010); *see United States v. Acosta*, No. 1:04-CR-05278-DAD, 2016 WL 8678046, at *3 (E.D. Cal. Dec. 30, 2016). The court must then consider if a reduced sentence "is warranted in whole or in part under the particular circumstances of the case" considering the factors in 18 U.S. Code § 3553. *Dillon*, 560 U.S. at 827.

Although a court is bound by a stipulated sentence in a Type-C plea agreement, the sentence may nevertheless be considered "based on" the guideline range. *Hughes v. United States*, 138 S. Ct. 1765, 1773–75 (2018). As the Supreme Court explained in *Hughes*, when accepting a Type-C agreement, the court must be satisfied that the agreed sentence is within the applicable guideline range, or if outside the range, is justifiable. *Id.* at 1173. "Even if the sentencing judge sees a reason to vary from the Guidelines, if the judge uses the sentencing range as the

2

beginning point to explain the decision to deviate from it, then the Guidelines are in a real sense the basis for the sentence." *Peugh v. United States*, 569 U.S. 530, 542 (2013) (internal quote omitted). Accordingly, a sentence imposed pursuant to a type-c agreement may be eligible for a reduction.

### III.     Discussion

The Government does not challenge that Defendant's sentence was based on the guideline range, or otherwise challenge Defendant's eligibility for a sentence reduction, but rather asserts that a reduction would be inconsistent with the purpose of sentencing because Defendant already received a substantial benefit from the stipulated sentence. At the time of sentencing, Defendant had one criminal history point, and was assigned two status points because he was on probation at the time of the charged offenses. With the inclusion of these status points, the original guideline range on the robbery counts was 121–151 months. The Parties agree that had Amendment 821 – which eliminates status points for those with six or fewer criminal history points – been in place at the time of sentencing, the applicable range for Defendant would have been 108–135 months instead because Defendant had fewer than six criminal history points.

In *United States v. Jackson*, the court granted a reduction in a stipulated sentence where it determined that the actual sentence exceeded the reduced guideline range. No. CR 12-104, 2019 WL 1000080, at *2 (W.D. Pa. Mar. 1, 2019). The guideline range prior to the amendment was 70–87 months, and the sentence imposed was 84 months. After the amendment, the reduced guideline range was 57–71 months. *Id.* at *1. Because the actual sentence was considerably greater than the amended guideline range, the court accordingly reduced the sentence to 71 months to come within the amended guidelines, but maintain the court's original determination that the offense warranted the higher end of the range. *Id.* at *3.

In contrast, here, the actual sentence is well within the amended guideline range for the robbery counts. The court departed slightly and ordered a 120-month

3

sentence on those counts during the original sentencing. Even after application of the amendment, this sentence is within the amended guideline range of 108-135 months.

More significantly, however, the sentencing court also granted a substantial departure from the guideline range as to the firearm counts in order to meet the stipulated 288 month sentence. Although counts two and fourteen, the firearm counts, carried a mandatory minimum term of 384 months, the court order a fraction of that sentence, imposing only 168 months. Taking into consideration the significant departure on counts two and fourteen in order to meet the stipulated 288 months, the original sentence on the firearm counts reflects the court's agreement with the overall sentence, not its determination that a lower sentence was warranted for the robbery counts. Because of the sentencing court's focus on meeting the stipulated sentence, it is very unlikely that the criminal history points were a determining factor in the sentence. Granting a further reduction, therefore, would not be consistent with the court's determination that 288 months overall was appropriate. *See Dillon,* 560 U.S. at 827 (a section 3582(c)(2) motion should not be transformed into a plenary resentencing).

Although the Court recognizes Mr. Ramirez's commendable growth and rehabilitation, including his completion of educational courses, his progressive work experience, and the development of future goals, given the greatly-reduced sentence that was originally imposed, the Court does not believe that a further reduction would reflect the seriousness of the offenses or the need for the sentence.

////

////

////

////

////

////

////

### IV.  Conclusion

For the above reasons, IT IS HEREBY ORDERED that Defendant's Motion to Reduce Sentence, ECF No. 162, is DENIED.

IT IS SO ORDERED.

Dated:  **September 23, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE